| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number *(if known)*: 22-11461_____ Chapter 15 |

☑ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| 1. | **Debtor's name** | Historic & Trophy Buildings Fund FCP-SIF, in judicial liquidation |
|---|---|---|

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other N/A_____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

Philippe Thiebaud

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Liquidation pursuant to Luxembourg law (SIF Law, Art. 45(3)(k), 46)

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Historic & Trophy Buildings Fund FCP-SIF, in ju_ | Case number *(if known)* 22-11461 |
|---|---|---|
| | Name | |

---

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Luxembourg

**Debtor's registered office:**

8, rue Sainte-Zithe
Number        Street

_____
P.O. Box

L-2763 Luxembourg
City        State/Province/Region    ZIP/Postal Code

Grand Duchy of Luxembourg
Country

**Individual debtor's habitual residence:**

_____
Number        Street

_____
P.O. Box

_____
City        State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

8, rue Sainte-Zithe
Number        Street

_____
P.O. Box

L-2763 Luxembourg
City        State/Province/Region    ZIP/Postal Code

Grand Duchy of Luxembourg
Country

---

**10.  Debtor's website** (URL)

_____

---

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | Historic & Trophy Buildings Fund FCP-SIF, in jud | Case number (if known) 22-11461 |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____     Philippe Thiebaud
   Signature of foreign representative            Printed name

Executed on   11/15/2022
                        MM / DD / YYYY

✖ _____     _____
   Signature of foreign representative            Printed name

Executed on   _____
                        MM / DD / YYYY

**14. Signature of attorney**

✖ /s/ Kenneth J. Aulet          Date   11/16/2022
   Signature of Attorney for foreign representative          MM / DD / YYYY

Kenneth J. Aulet
Printed name
Brown Rudnick LLP
Firm name
7 Times Square
Number      Street
New York                                    NY        10036
City                                             State    ZIP Code

(212) 209-4950                          kaulet@brownrudnick.com
Contact phone                              Email address

5040985                                     NY
Bar number                                 State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:                                                      ) | |
| ) | |
| Historic & Trophy Buildings Fund FCP-SIF,   ) | Chapter 15 |
| in judicial liquidation,                               ) | |
| ) | Case No.:  22-11461 (DSJ) |
| Debtor.                        ) | |

**AMENDED EVIDENCE OF THE FOREIGN PROCEEDING AND STATEMENTS AND
LISTS REQUIRED BY SECTION 1515 OF THE BANKRUPTCY CODE AND
RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Philippe Thiebaud, in his capacity as the judicial liquidator and foreign representative

(the "Petitioner") of Historic & Trophy Buildings Fund FCP-SIF, in judicial liquidation

("HTBF"), makes the following statements required by section 1515(c) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

**A.     Evidence of the Foreign Proceeding as Required by Section 1515(b) of the
Bankruptcy Code.**

1.      Following the decision of HTBF's regulator, the Commission de Surveillance du

Secteur Financier ("CSSF"), to withdraw HTBF from the official list of specialized investment

funds effective as of October 4, 2019 pursuant to Article 45(3)(k) of the SIF Law of February 13,

2007 (the "SIF Law"), and upon the request of the CSSF to the Public Prosecutor and the

subsequent application of the Public Prosecutor, in accordance with the provisions of Article 46

of the SIF Law the District Court of and in Luxembourg (the "Luxembourg District Court")

ordered the judicial liquidation of HTBF as of January 7, 2021.  A copy of the Luxembourg

District Court's January 7, 2021 order is attached as <u>Exhibit A</u>, and a certified English translation of that order is attached as <u>Exhibit B</u> (the "<u>Liquidation Order</u>").

2.    By the Liquidation Order, the Luxembourg District Court appointed Philippe Thiebaud as the Judicial Liquidator of HTBF (the "<u>Liquidator</u>").  *See* Liquidation Order at 4.  As the Liquidator, the Petitioner has complete control over the management of HTBF.  *See* Liquidation Order at 3, 4.

3.    The Luxembourg District Court specifically authorized the Petitioner, as Liquidator, to bring and support actions, receive payments, settle or compromise disputes, and sell assets (the sale of real estate being subject to the prior authorization of the Luxembourg District Court).  *See* Liquidation Order at 3, 4.  Furthermore, the Luxembourg District Court authorized the Petitioner, as Liquidator, to exercise his powers both in the Grand Duchy of Luxembourg and abroad.  *See id.*

4.    The Petitioner asserts that the Liquidation Order satisfies the requirements of one or more of subsections 1515(b)(1) ("a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative"), (b)(2) ("a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative"), and (b)(3) ("any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative").

5.    The Liquidation Order has been translated into English pursuant to section 1515(d) of the Bankruptcy Code.  *See* Liquidation Order at <u>Exhibit B</u>.

**B.    Statement Regarding One Foreign Proceeding Pursuant to Section 1515(c) of the Bankruptcy Code.**

6.    Pursuant to the provisions of Articles 45(3)(k) and 46 of the SIF Law of February 13, 2007, there is a foreign liquidation proceeding pending in Luxembourg concerning HTBF

2

(the "Luxembourg Liquidation Proceeding").   The Luxembourg Liquidation Proceeding is

described in greater detail in (a) the *Declaration of Philippe Thiebaud in Support of (i) Verified*

*Amended Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified*

*Amended Petition for Recognition of Foreign Proceeding and for Related Relief* (the "Amended

Thiebaud Declaration"), filed contemporaneously herewith, and (b) the *Declaration of Armel*

*Waisse of Molitor in Support of (i) Verified Petition for Recognition of Foreign Proceeding and*

*(ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for*

*Related Relief* [Dkt. No. 3] (the "Waisse Declaration").

> **C.      List of All Authorized Administrators of HTBF in the Luxembourg Liquidation.**

7.      Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioner states that he is the

only person or body authorized to administer foreign proceedings of HTBF.   The Petitioner's

name and address is as follows:

Mr. Philippe Thiebaud, as Judicial Liquidator
c/o Philippe Thiebaud, Partner, Avocat à la Cour
MOLITOR Avocats à la Cour SARL
8, rue Sainte-Zithe
L-2763 Luxembourg
Grand Duchy of Luxembourg
Email:  philippe.thiebaud@molitorlegal.lu

> **D.      Litigation Pending in the United States.**

8.      As described in greater detail in the Amended Thiebaud Declaration, after the

filing of the initial *Verified Chapter 15 Petition for Recognition of a Foreign Proceeding* [Dkt.

No. 1] and accompanying documents, the Petitioner became aware that on or around December

10, 2020, Sorgente Asset Management Inc. and Sorgente Lux Holding Sàrl (now known as Lux

Mainsource S.R.L.) initiated an arbitration proceeding (the "Arbitration Proceeding") before the

International Centre for Dispute Resolution in New York, NY against Main Source S.A.

3

(HTBF's former manager) in trust for the Historic & Trophy Building Fund USD sub fund (one of HTBF's sub funds) seeking a declaratory judgment with respect to the ownership of the Michelango Real Estate Fund LP.  The Petitioner has been unable to determine the disposition of the Arbitration Proceeding or whether it is still pending.  Accordingly, pursuant to Bankruptcy Rule 1007(a)(4)(B) the Petitioner provides the below list containing the names and addresses of all parties to the Arbitration Proceeding:

- Sorgente Asset Management, Inc.
  c/o Mr. Alexander M. Dudelson, Esq.
  Law Offices of Alexander M. Dudelson
  26 Court Street, Suite 2306
  Brooklyn, NY 10021

  Sorgente Asset Management, Inc.
  66 White Street, 5th Floor
  New York, NY 10013

- Lux Mainsource S.R.L. (fka Sorgente Lux Holding Sàrl)
  c/o Mr. Alexander M. Dudelson, Esq.
  Law Offices of Alexander M. Dudelson
  26 Court Street, Suite 2306
  Brooklyn, NY 10021

  Lux Mainsource S.R.L. (fka Sorgente Lux Holding Sàrl)
  Via Del Tritone, 132
  00187, Roma
  Italy

- Christian Steinmetz
  as Bankruptcy Trustee for Main Source S.A.
  30, rue Marie-Adélaïde
  L-2128 Luxembourg
  Grand Duchy of Luxembourg

  Main Source S.A.
  26, Boulevard Royal
  L-2449 Luxembourg
  Grand Duchy of Luxembourg

4

**E.      Entities Against Whom Provisional Relief is Sought.**

9.      Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioner states that he is not seeking provisional relief under section 1519 of the Bankruptcy Code against any entity at this time.  The Petitioner, however, reserves his right to seek any such provisional relief.

Dated: November 16, 2022          Respectfully submitted,
       New York, New York


                                **BROWN RUDNICK LLP**

                                */s/ Kenneth J. Aulet*
                                David J. Molton
                                Kenneth J. Aulet
                                Seven Times Square
                                New York, NY 10036
                                Tel: (212) 209-4800
                                Fax: (212) 209-4801
                                Email:    dmolton@brownrudnick.com
                                          kaulet@brownrudnick.com


                                *Counsel for the Petitioner, Philippe Thiebaud, in his capacity as Judicial Liquidator and Foreign Representative of Historic & Trophy Buildings Fund FCP-SIF, in judicial liquidation*

**Exhibit A**

Jugement commercial no 2021TALCH06/00001
du 7 janvier 2021

Maître Philippe THIEBAUD   (case : 131 )



GRAND-DUCHÉ DE LUXEMBOURG

**TRIBUNAL D'ARRONDISSEMENT DE ET À LUXEMBOURG**

# GROSSE

NOUS HENRI

*Grand-Duc de Luxembourg*
*Duc de Nassau*
*etc. etc. etc.*

Faisons savoir que

LE TRIBUNAL D'ARRONDISSEMENT DE ET À LUXEMBOURG

sixième chambre, siégeant en matière commerciale,
a rendu le jugement qui suit dans la cause inscrite au rôle
sous le numéro L-12748/21

**Jugement commercial 2021TALCH06/00001**

Audience publique du jeudi, sept janvier deux mille vingt et un.

**Liquidation n° L-12748/21**

Composition:

Nadine WALCH, vice-présidente ;
Laurent LUCAS, 1er juge ;
Jackie MORES, 1er juge ;
Claude FEIT, greffière.



**Entre :**

**Monsieur le Procureur d'Etat** près le Tribunal d'arrondissement de et à Luxembourg, Cité Judiciaire, Luxembourg,

**demandeur** en dissolution et en liquidation du fonds d'investissement spécialisé constitué sous la forme d'un fonds commun de placement HISTORIC & TROPHY BUILDINGS FUND FCP-SIF, aux termes d'une requête datée du 10 novembre 2020,

comparant par Monsieur Pascal COLAS, premier substitut du Procureur d'Etat,

**et :**

le fonds d'investissement spécialisé constitué sous la forme d'un fonds commun de placement **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF**, inscrit au Registre de Commerce et des Sociétés de Luxembourg sous le numéro K 1448,

**défendeur** aux fins de la prédite requête,

comparant par Maître Marcus PETER, avocat à la Cour, demeurant à Luxembourg,

**en présence de** :

la **Commission de Surveillance du Secteur Financier**, établie et ayant son siège social à L-1150 Luxembourg, 283, route d'Arlon,

comparant par Monsieur Serge EICHER, demeurant professionnellement à Luxembourg.

---

**FAITS :**

Par requête datée du 10 novembre 2020, ci-après annexée, Monsieur le Procureur d'Etat a demandé la dissolution et la liquidation de la partie défenderesse :

1

Grand-Duché de Luxembourg

# PARQUET
## DU
## TRIBUNAL D'ARRONDISSEMENT
## DE LUXEMBOURG

Section économique et financière

Cité judiciaire – Bâtiment PL
Plateau du Saint Esprit
L-2080 – Luxembourg

Tél.: (+352) 47 59 81 – 2203

Déposé au greffe TAL
6e chambre

le  1 2 NOV. 2020

Le greffier

**Le Procureur d'Etat près le tribunal d'arrondissement de Luxembourg**

Vu le courrier ci-joint du 22 octobre 2020, ensemble les pièces y annexées, de la Commission de Surveillance du Secteur Financier au sujet du :

**fonds d'investissement spécialisé de droit luxembourgeois**
**« HISTORIC & TROPHY BUILDINGS FUND FCP-FIS ».**

Attendu que suivant courrier du 22 octobre 2020, le Ministère Public a été informé par la Commission de Surveillance du Secteur Financier que le fonds d'investissement spécialisé de droit luxembourgeois **HISTORIC & TROPHY BUILDINGS FUND** (ci-après « FCP-FIS »), constitué sous forme de fonds commun de placement et inscrit avec effet au 6 juillet 2007 sur la liste officielle des fonds d'investissement spécialisés conformément à l'article 43 (1) de la loi modifiée du 13 février 2007 relative aux fonds d'investissement spécialisés, a fait l'objet le 4 octobre 2019 d'une **décision de retrait** de la liste officielle des fonds d'investissement spécialisés, conformément aux dispositions de l'article 45 de cette loi ;

que la décision de retrait de la liste officielle des fonds d'investissement spécialisés a été signifiée par voie d'huissier de justice au FCP-FIS le 8 juillet 2020 ;

qu'il résulte encore du prédit courrier et notamment du **certificat de non-recours** du 1er octobre 2020 établi par le greffe du Tribunal administratif de Luxembourg qu'aucun recours contre la décision de retrait du FCP-FIS de la liste officielle des fonds d'investissement spécialisés n'a été introduit auprès du prédit Tribunal ;

que suivant son courrier du 22 octobre 2020, la Commission de Surveillance du Secteur Financier demande formellement au Parquet de requérir auprès du Tribunal d'Arrondissement de Luxembourg, siégeant en matière commerciale, la dissolution et la liquidation du FCP-FIS sur le fondement de l'article 47 (1) de la loi précitée.

1/2

Vu la loi modifiée du 13 février 2007 relative aux fonds d'investissement spécialisés.

## REQUIERT

qu'il plaise à Madame la Vice-Présidente, Madame et Monsieur les premier juge et juge composant la 6ème chambre du Tribunal d'arrondissement de Luxembourg, siégeant en matière commerciale,

prononcer la dissolution et d'ordonner la liquidation du fonds d'investissement spécialisé de droit luxembourgeois **HISTORIC & TROPHY BUILDINGS FUND FCP-FIS**,

ordonner tous devoirs que de droit,

ordonner l'exécution provisoire de la décision à venir.

Luxembourg, le 10 novembre 2020

Pour le Procureur d'Etat,

Felix WANTZ
Premier Substitut



L'affaire fut utilement retenue à l'audience publique du 17 décembre 2020 devant la sixième chambre, siégeant en matière commerciale, lors de laquelle les débats eurent lieu comme suit :

Le représentant du Ministère Public donna lecture de la requête ci-avant reproduite et exposa ses moyens.

Le représentant de la Commission de Surveillance du Secteur Financier fut entendu en ses observations.

Maître Marcus PETER fut entendu en ses explications.

Le tribunal prit l'affaire en délibéré et rendit à l'audience publique de ce jour le

### jugement qui suit :

Par requête datée au 10 novembre 2020, ci-avant annexée, Monsieur le Procureur d'Etat a demandé la dissolution et la mise en liquidation du fonds d'investissement spécialisé constitué sous la forme d'un fonds commun de placement HISTORIC & TROPHY BUILDINGS FUND FCP-SIF (ci-après « HTBF »).

La requête a été notifiée par la voie du greffe en date du 16 novembre 2020.

Le Ministère Public expose à l'appui de sa requête qu'il a été saisi par la Commission de Surveillance du Secteur Financier (ci-après « la CSSF ») en application de l'article 47 de la loi modifiée du 13 février 2007 relative aux fonds d'investissement spécialisés (ci-après « la loi modifiée du 13 février 2007 ») d'une demande en dissolution et liquidation de HTBF, dans la mesure où ce fonds a fait l'objet, le 4 octobre 2019, d'une décision de retrait de la liste officielle des fonds d'investissement spécialisés, conformément aux dispositions de l'article 43 de la loi modifiée du 13 février 2007, que cette décision a été signifiée le 8 juillet 2020 par voie d'huissier à HTBF et qu'aucun recours contre cette décision de retrait n'a été introduit auprès du Tribunal Administratif.

La demande du Ministère Public est basée, conformément à la requête lui adressée par la CSSF, sur l'article 47(1) de la loi modifiée du 13 février 2007 qui prévoit que « *le tribunal d'arrondissement siégeant en matière commerciale prononce sur la demande du procureur d'Etat, agissant d'office ou à la requête de la CSSF, la dissolution et la liquidation des fonds d'investissement spécialisés visés par la présente loi, dont l'inscription à la liste prévue à l'article 43, paragraphe (1) aura été définitivement refusée ou retirée* ».

Il est constant en cause que la loi modifiée du 13 février 2007 est applicable à HTBF, que la décision du 4 octobre 2019 de la CSSF de retirer ce fonds de la liste officielle des fonds d'investissement spécialisés précitée a été régulièrement signifiée à la défenderesse en date du 8 juillet 2020, que le délai d'un mois pour introduire un recours contre cette décision de retrait est expiré sans qu'un recours n'ait été introduit auprès du Tribunal Administratif (voir certificat du greffe du Tribunal Administratif du 1er octobre 2020), et que cette décision de retrait est partant définitive.

Il y a dès lors lieu de prononcer la dissolution et d'ordonner la liquidation judiciaire de HTBF, en application de l'article 47 de la loi modifiée du 13 février 2007, et de nommer un juge-commissaire, ainsi qu'un liquidateur.

2

Liquidateur

Conformément à l'article 47 de la loi modifiée du 13 février 2007, le liquidateur peut intenter et soutenir toutes actions pour le fonds, recevoir tous paiements, donner mainlevée avec ou sans quittance, réaliser toutes valeurs mobilières du fonds et en faire le réemploi, créer ou endosser tous effets de commerce, transiger sur ou compromettre toutes contestations. Il peut aliéner les immeubles du fonds par adjudication publique. Il peut en outre, mais seulement avec l'autorisation du tribunal, hypothéquer ses biens, les donner en gage et aliéner ses immeubles de gré à gré.

Aux termes de l'article 47(3) de la loi modifiée du 13 février 2007, à partir du jugement de liquidation, toutes actions mobilières et immobilières, toutes voies d'exécution sur les meubles et immeubles ne pourront être suivies, intentées ou exercées que contre le liquidateur. Le jugement de mise en liquidation arrête toutes saisies à la requête des créanciers chirographaires et non privilégiés sur les meubles et immeubles.

Il en découle que le fonds en liquidation perd l'administration de tous ses biens, laquelle est confiée au liquidateur qui agit au profit tant du fonds que des investisseurs et créanciers qu'il représente et qui bénéficie des pouvoirs les plus étendus en vue de la réalisation de sa mission.

En l'occurrence, ses pouvoirs s'exerceront tant au Grand-Duché de Luxembourg qu'à l'étranger, alors que la règle de l'unité et de l'universalité de la liquidation judiciaire d'un fonds ayant son siège social au Luxembourg, étend en principe ses effets à tous les biens mobiliers et immobiliers du fonds en liquidation, quand bien même ces biens sont situés à l'étranger.

Le liquidateur pourra, dans la mesure qu'il jugera nécessaire, avoir recours aux services de tous mandataires, agents ou collaborateurs en vue notamment de conserver et tenir les livres, registres et archives de HTBF, respectivement de conserver et réaliser les avoirs, et prendre toutes mesures qui lui paraîtront dans l'intérêt de la liquidation.

Les dépenses faites à cette fin par le liquidateur ainsi que ses frais et honoraires seront à charge du fonds en liquidation et considérés comme frais d'administration à prélever sur l'actif de la liquidation avant toute distribution de deniers, sous réserve de l'application de l'article 47 (7) de la loi modifiée du 13 février 2007.

Comme conséquence du dessaisissement, il y a également lieu d'arrêter le cours des intérêts, à l'égard de la masse, à compter du 7 janvier 2021, jour de l'ouverture de la liquidation.

Production de créances

Aux termes de l'article 47(4) de la loi modifiée du 13 février 2007, après le paiement ou la consignation des sommes nécessaires au paiement des dettes, le liquidateur distribue aux investisseurs les sommes ou valeurs qui leur reviennent. Il faut en conclure que les investisseurs de HTBF ne sont pas à considérer comme des créanciers dans la masse, mais comme des « actionnaires » qui vont se partager le boni de liquidation.

Ils n'ont dans ces conditions pas besoin de déposer une déclaration de créance pour faire valoir leurs droits.

3

Les créanciers du fonds d'investissement spécialisé devront déposer leurs déclarations de créance au greffe du tribunal d'arrondissement de et à Luxembourg, sixième chambre, pour le 28 janvier 2021 au plus tard. L'article 508 du Code de commerce est applicable aux déclarations de créance déposées après cette date.

La vérification, l'admission et la contestation des créances se feront selon les règles applicables en matière de faillite, sauf modification du mode de liquidation par jugement ultérieur conformément à l'article 47(1) de la loi modifiée du 13 février 2007.

<u>Conversion des créances libellées dans une monnaie autre que l'euro</u>

Les créances libellées dans une monnaie autre que l'euro seront converties dans cette devise au cours de change du jour du présent jugement de liquidation tel qu'il est publié par la Banque centrale européenne et le paiement de toutes les créances admises se fera en euro.

Pour le surplus, il y a lieu, en application de l'article 47(1), 2e paragraphe de la loi modifiée du 13 février 2007, de déclarer applicables les règles régissant la liquidation de la faillite, sous réserve des modalités dérogatoires détaillées ci-avant, respectivement de celles prévues par les articles 47 et 48 de la loi modifiée du 13 février 2007, et sous réserve des modifications au mode de liquidation à opérer le cas échéant par décision ultérieure.

En application de l'article 47(1), 3e paragraphe, dernière phrase, de la loi modifiée du 13 février 2007, le présent jugement est exécutoire par provision.

### Par ces motifs :

le tribunal d'arrondissement de et à Luxembourg, sixième chambre, siégeant en matière commerciale, statuant contradictoirement, le Ministère Public et le représentant de la Commission de Surveillance du Secteur Financier entendus en leurs explications et conclusions,

**reçoit** la demande ;

la **dit** fondée ;

**déclare** dissous le fonds d'investissement spécialisé constitué sous la forme d'un fonds commun de placement **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF**, inscrit au Registre de Commerce et des Sociétés de Luxembourg sous le numéro K 1448 ;

en **ordonne** la liquidation ;

**nomme** juge-commissaire Madame Muriel WANDERSCHEID, juge au tribunal d'arrondissement de et à Luxembourg, et liquidateur Maître Philippe THIEBAUD, avocat à la Cour, demeurant à Luxembourg ;

**dit** que le liquidateur représente tant le fonds que ses investisseurs et créanciers et qu'il est doté des pouvoirs les plus étendus en vue de la réalisation de sa mission qu'il s'exercera tant au Grand-Duché de Luxembourg qu'à l'étranger ;

**dit** que le cours des intérêts est arrêté au 7 janvier 2021 ;

4

**ordonne** aux créanciers de faire au greffe du tribunal de commerce de ce siège la déclaration du montant de leurs créances avant le 28 janvier 2021 ;

**déclare** applicables les dispositions légales détaillées au présent jugement ainsi que celles relatives à la liquidation de la faillite, sous réserve des modalités dérogatoires prévues par les articles 47 et 48 de la loi modifiée du 13 février 2007 relative aux fonds d'investissement spécialisés, et sous réserve des modifications au mode de liquidation à opérer le cas échéant par décision ultérieure ;

**dit** que les créances libellées dans une monnaie autre que l'euro seront converties dans cette devise au cours de change du jour du jugement de liquidation tel qu'il est publié par la Banque centrale européenne et le paiement de toutes les créances admises se fera en euro ;

**ordonne** que les scellés seront apposés au siège social de la société et partout ailleurs où besoin en sera, à moins que l'inventaire ne puisse être terminé en un seul jour, auquel cas il y sera procédé sans apposition préalable ;

**ordonne** la publication du présent jugement par extrait au Recueil électronique des sociétés et associations ainsi que dans les journaux « Luxemburger Wort » et « Tageblatt » ;

**dit** que le présent jugement est exécutoire par provision ;

**met** les frais à charge du fonds d'investissement spécialisé constitué sous la forme d'un fonds commun de placement **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF,** sinon en cas d'absence ou d'insuffisance d'actif, à charge du Trésor.

---

Ordonnons à tous huissiers, sur ce requis, de mettre le présent jugement à exécution.

A Notre Procureur Général d'Etat et à Nos Procureurs d'Etat près les tribunaux d'arrondissement d'y tenir la main.

Et à tous commandants et officiers de la force publique de prêter main-forte, lorsqu'ils en seront légalement requis.

En foi de quoi le présent jugement a été signé et scellé du sceau du tribunal.

Pour première grosse, délivrée sur demande à Maître Philippe THIEBAUD, avocat à la Cour, liquidateur de HISTORIC & TROPHY BUILDINGS FUND FCP-SIF.

Luxembourg, le 14 mai 2021

Le greffier en chef du tribunal, p.d.



HERMES

**Exhibit B**

Commercial judgment no. 2021TALCH06/00001
of 7 January 2021

Maître Philippe THIEBAUD (case: 131 )



Grand Duchy of Luxembourg

**DISTRICT COURT OF AND IN
Luxembourg**

**FIRST AUTHENTIC COPY**

WE HENRI

*Grand Duke of Luxembourg
Duke of Nassau
etc. etc.*

Let us know that

THE DISTRICT COURT OF AND IN
Luxembourg

sixth Chamber, sitting in commercial matters, rendered the
following judgment in the case list under number L-
12748/21

## Commercial judgment 2021TALCH06/00001

Public hearing of Thursday, seventh January two thousand and twenty-one.

## Liquidation No. L-12748/21

Composition:

Nadine WALCH, Vice-President;
Laurent LUCAS, 1st judge;
Jackie MORES, 1st judge;                    [*Signature*]          [*Signature*]
Claude FEIT, Clerk.

### Between:

**The Public Prosecutor** at the District Court of and in Luxembourg, Cité Judiciaire, Luxembourg,

**applicant** for dissolution and liquidation of the specialised investment fund established in the form of a mutual fund HISTORIC & TROPHY BUILDINGS FUND FCP-SIF, pursuant to an application dated 10 November 2020,

represented by Mr Pascal COLAS, first substitute for the Public Prosecutor,

### and:

the specialised investment fund established in the form of a mutual fund **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF,** registered with the Luxembourg Trade and Companies Register under number K 1448,

**defendant** for the purpose of the aforementioned application,

represented by Maître Marcus PETER, lawyer at the Court, residing in Luxembourg,

**in the presence of:**

the **Commission de Surveillance du Secteur Financier,** established and having its registered office in L-1150 Luxembourg, 283, route d'Arlon,

represented by Mr Serge EICHER, residing professionally in Luxembourg.

### FACTS:

By application dated 10 November 2020, appended hereto, the State Prosecutor requested the dissolution and liquidation of the defendant:

1

**Grand Duchy of Luxembourg**

**PUBLIC
PROSECUTOR'S
OFFICE OF THE
DISTRICT COURT OF
LUXEMBOURG**

[Stamp:
**PUBLIC
PROSECUTOR –
LUXEMBOURG**]

Economic and financial section

Cité judiciaire – Bâtiment PL
Plateau du Saint Esprit
L-2080 – Luxembourg

Tel.: (+352) 47 5981-2203

*Filed with the registry
TAL
6th Chamber*

*on 12 NOV. 2020*

*The clerk*          [*Signature*]

**The Public Prosecutor at the District Court of Luxembourg**

Having regard to the attached letter of 22 October 2020, together with the documents appended thereto, from the Commission de Surveillance du Secteur Financier regarding:

**the specialised investment fund governed by Luxembourg law
"HISTORIC & TROPHY BUILDINGS FUND FCP-FIS".**

Having regard to the fact that, following a letter of 22 October 2020, the Public Prosecutor was informed by the Commission de Surveillance du Secteur Financier that the specialised investment fund governed by Luxembourg law **HISTORIC & TROPHY BUILDINGS FUND** (hereinafter "FCP- FIS"), constituted in the form of a mutual fund and registered with effect from 6 July 2007 on the official list of specialised investment funds in accordance with Article 43 (1) of the amended Law of 13 February 2007 on specialised investment funds, was the subject of a **withdrawal decision** of the fund from the official list of specialised investment funds on 4 October 2019, in accordance with the provisions of Article 45 of this Law;

that the decision to withdraw the fund from the official list of specialised investment funds was served by a bailiff to FCP-FIS on 8 July 2020;

that it further appears from the aforementioned letter and in particular the **certificate of non-appeal** of 1st October 2020 drawn up by the registry of the Administrative Court of Luxembourg that no appeal against the decision to withdraw FCP-FIS from the official list of specialised investment funds was filed with the aforementioned Court;

that according to its letter of 22 October 2020, the Commission de Surveillance du Secteur Financier formally asks the Public Prosecutor to request the District Court of Luxembourg, sitting in commercial matters, for the dissolution and liquidation of FCP-SIF on the basis of Article 47 (1) of the aforementioned law.

1/2

Having regard to the amended law of 13 February 2007 on specialised investment funds.

## REQUESTS

the Vice-President, First Judges and Judges of the 6th chamber of the District Court of Luxembourg, sitting in commercial matters,

to pronounce the dissolution and order the liquidation of the specialised investment fund governed by Luxembourg law **HISTORIC & TROPHY BUILDINGS FUND FCP-F1S,**

to order all duties of law,

to order the provisional enforcement of the forthcoming decision.

Luxembourg, 10 November 2020

On behalf of the Public Prosecutor,

Felix WANTZ
First Substitute

[Stamp:
**STATE PROSECUTOR –
LUXEMBOURG**]

[*Signature*]

2/2

The case was usefully upheld at the public hearing of 17 December 2020 before the sixth chamber, sitting in commercial matters, at which the proceedings took place as follows:

The representative of the Public Prosecutor's Office gave reading of the request reproduced above and presented its pleas.

The representative of the Commission de Surveillance du Secteur Financier was heard in his comments.

Mr Marcus PETER was heard in his explanations.

The court took the case for deliberation and rendered, at the public hearing of today, the

**judgment that follows:**

By application dated 10 November 2020, appended hereto, the Public Prosecutor requested the dissolution and liquidation of the specialised investment fund established in the form of a mutual fund HISTORIC & TROPHY BUILDINGS FUND FCP-SIF (hereinafter "HTBF").

The application was notified via the registry on 16 November 2020.

The Public Prosecutor states in support of its application that he was tasked by the Commission de Surveillance du Secteur Financier (hereinafter "CSSF") pursuant to Article 47 of the amended law of 13 February 2007 on specialised investment funds (hereinafter "the amended law of 13 February 2007") with a request for dissolution and liquidation of HTBF, insofar as this fund was the subject, on 4 October 2019, of a withdrawal decision of the fund from the official list of specialised investment funds, in accordance with the provisions of Article 43 of the amended law of 13 February 2007, that this decision was served on 8 July 2020 by a bailiff on HTBF and that no appeal against this withdrawal decision was filed with the Administrative Court.

The request of the Public Prosecutor's Office is based, in accordance with the request sent to it by CSSF, on Article 47(1) of the amended law of 13 February 2007 providing that *"the district court sitting in commercial matters shall rule on the application of the State Prosecutor, acting ex officio or at the request of the CSSF, the dissolution and liquidation of the specialised investment funds referred to in this law, whose inclusion in the list referred to in Article 43(1) has been definitively refused or withdrawn."*

It is well-established that the amended law of 13 February 2007 is applicable to HTBF, that the CSSF's decision of 4 October 2019 to withdraw this fund from the aforementioned official list of specialised investment funds was duly served on the defendant on 8 July 2020, that the one-month period to appeal against this withdrawal decision has expired without an appeal having been lodged with the Administrative Court (see certificate of the registry of the Administrative Court of 1 October 2020), and that this withdrawal decision is therefore final.

It is therefore necessary to order the dissolution and order the court-ordered liquidation of HTBF, pursuant to Article 47 of the amended law of 13 February 2007, and to appoint a supervisory judge, as well as a liquidator.

2

<u>Liquidator</u>

In accordance with Article 47 of the amended law of 13 February 2007, the liquidator may bring and support all actions for the fund, receive all payments, release with or without receipt, carry out all securities of the business and re-use them, create or endorse all commercial effects, compromise or jeopardize any disputes. It may dispose of the property of the fund by public tender. It may also, but only with the permission of the court, mortgage its assets, pledge them and dispose of its buildings by mutual agreement.

Pursuant to Article 47(3) of the amended law of 13 February 2007, from the date of the liquidation judgment, all movable and immovable actions, all enforcement procedures on movable and immovable property may only be followed, brought or exercised against the liquidator. The liquidation judgment orders all seizures at the request of the unsecured and non-preferred creditors on the furniture and buildings.

It follows that the fund in liquidation loses the administration of all its assets, which is entrusted to the liquidator who acts for the benefit of both the fund and the investors and creditors he represents and who has the broadest powers to carry out his mission.

In this case, its powers shall be exercised both in the Grand Duchy of Luxembourg and abroad, whereas the rule of the unity and universality of the liquidation of a fund having its registered office in Luxembourg, extends in principle its effects to all the movable and immovable property of the fund in liquidation, even if these assets are located abroad.

The liquidator may, to the extent it deems necessary, use the services of all representatives, agents or employees in order, in particular, to maintain and keep the books, registers and archives of HTBF, respectively to maintain and realise the assets, and take all measures it deems necessary in the interest of the liquidation.

The expenses incurred for this purpose by the liquidator and its costs and fees shall be borne by the fund in liquidation and considered as administration costs to be deducted from the assets of the liquidation before any distribution of funds, subject to the application of Article 47 (7) of the amended law of 13 February 2007.

As a result of the divestiture, it is also necessary to determine the price of interest, in respect of the estate, as of 7 January 2021, the day of the opening of the liquidation.

<u>Production of receivables</u>

Pursuant to section 47(4) of the amended law of 13 February 2007, after the payment or deposit of the amounts necessary for the payment of debts, the liquidator distributes to investors the amounts or securities due to them. It must be concluded that HTBF investors are not to be considered as creditors in the estate, but as *"shareholders"* who will share the liquidation surplus.

Under these conditions, they do not need to file a declaration of claim in order to assert their rights.

3

The creditors of the specialised investment fund must file their declarations of claim with the registry of the district court of and in Luxembourg, sixth chamber, by 28 January 2021 at the latest. Article 508 of the Commercial Code is applicable to declarations of claim filed after that date.

The verification, admission and challenge of claims shall be carried out in accordance with the rules applicable to bankruptcy, unless the method of liquidation by subsequent judgment is modified in accordance with Article 47(1) of the amended law of 13 February 2007.

<u>Conversion of receivables denominated in a currency other than the euro</u>

Receivables denominated in a currency other than the euro shall be converted into that currency at the exchange rate on the day of this liquidation judgment as published by the European Central Bank and payment of all receivables accepted shall be made in euro.

For the remainder, pursuant to Article 47(1), 2nd paragraph of the amended law of 13 February 2007, the rules governing the liquidation of bankruptcy should be declared applicable, subject to the derogations detailed above, respectively those provided for in Articles 47 and 48 of the amended law of 13 February 2007, and subject to changes to the method of liquidation to be carried out, where applicable, by subsequent decision.

Pursuant to Article 47(1), 3rd paragraph, last sentence, of the amended law of 13 February 2007, this judgment is provisionally enforceable.

**On these grounds:**

the District Court of and in Luxembourg, sixth chamber, sitting in commercial matters, ruling in adversarial proceedings, the Public Prosecutor and the representative of the Commission de Surveillance du Secteur Financier heard in their explanations and conclusions,

**receives** the request;

**says** it is well-founded;

**declares** dissolved the specialised investment fund constituted in the form of a mutual fund **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF,** registered with the Luxembourg Trade and Companies Register under number K 1448;

**orders** the liquidation thereof;

**appoints** the supervisory judge Ms Muriel WANDERSCHEID, judge at the District Court of and in Luxembourg, and liquidator Maître Philippe THIEBAUD, lawyer at the Court, residing in Luxembourg;

**holds** that the liquidator represents both the fund and its investors and creditors and has the broadest powers to carry out its mission both in the Grand Duchy of Luxembourg and abroad;

**holds** that the interest rate is determined on 7 January 2021;

4

**orders** the creditors to make a declaration of the amount of their claims before 28 January 2021 at the registry of the commercial court of this registered office;

**declares** applicable the legal provisions detailed in this judgment as well as those relating to the liquidation *of bankruptcy, subject* to the derogations provided for in Articles 47 and 48 of the amended law of 13 February 2007 on specialised investment funds, and subject to changes to the method of liquidation to be carried out, where applicable, by subsequent decision;

**holds** that receivables denominated in a currency other than the Euro will be converted into that currency at the exchange rate on the day of the liquidation judgment as published by the European Central Bank and payment of all receivables accepted shall be made in Euro;

**orders** that the seals shall be affixed to the registered office of the company and wherever necessary, unless the inventory can be completed on a single day, in which case it shall be carried out without prior affixing;

**orders** the publication of this judgment by extract from the Electronic book of companies and associations as well as in the newspapers "Luxemburger Wort" and "Tageblatt";

**holds** that this judgment is provisionally enforceable;

**charges** the fees of the specialised investment fund established in the form of a mutual fund **HISTORIC & TROPHY BUILDINGS FUND FCP-SIF,** otherwise in the event of absence or shortfall of assets, payable by the Treasury.

*[Signature]*                    *[Signature]*

5

—————————————————

We order all bailiffs, on this requirement, to enforce this judgment.

To our Public Prosecutor and our Public Prosecutors at the district courts to uphold it.

And all commanders and officers of the police force to assist, when legally required.

In witness whereof this judgment has been signed and sealed with the seal of the court.

The first official copy is issued on request to Maître Philippe THIEBAUD, lawyer at the court, liquidator of HISTORIC & TROPHY BUILDINGS FUND FCP-SIF.

Luxembourg, 14 May 2021

The Chief Clerk of the Court, b.d.

[Stamp:
**DISTRICT COURT OF
LUXEMBOURG**

[*Signature*]

HERMES



Certified true translation

Martine Weitzel
26, rue Antoine Meyer
L-2153 Luxembourg
martine.weitzel@hotmail.com
P. +352 691 44 67 30
Sworn Translator

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                          )
In re:                                    )
                                          )
Historic & Trophy Buildings Fund FCP-SIF, )        Chapter 15
in judicial liquidation                   )
                                          )        Case No.:  22-11461 (DSJ)
                    Debtor.               )
                                          )
_____)

## CORPORATE OWNERSHIP STATEMENT AS REQUIRED BY
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(4) AND 7007.1

Pursuant to Rules 1007(A)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

Debtor Historic & Trophy Buildings Fund FCP-SIF ("HTBF"), by and through Philippe

Thiebaud, in his capacity as the judicial liquidator and foreign representative of HTBF, hereby

certifies as follows:

1.      HTBF is an entity in liquidation in the Luxembourg District Court (the

"Luxembourg Liquidation Proceeding").

2.      At the time of the commencement of the Luxembourg Liquidation Proceeding: (1)

HTBF did not have a parent corporation, and (2) no publicly held corporation owned 10% or

more of HTBF's stock.

Dated: November 16, 2022              Respectfully submitted,
       New York, New York



                                     **BROWN RUDNICK LLP**


                                     _/s/ Kenneth J. Aulet_
                                     David J. Molton
                                     Kenneth J. Aulet
                                     Seven Times Square

New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
Email:    dmolton@brownrudnick.com
           kaulet@brownrudnick.com


*Counsel for the Petitioner, Philippe Thiebaud, in his capacity as Judicial Liquidator and Foreign Representative of Historic & Trophy Buildings Fund FCP-SIF, in judicial liquidation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| Historic & Trophy Buildings Fund FCP-SIF, | )    Chapter 15 |
| in judicial liquidation, | ) |
|  | )    Case No.: 22-11461 (DSJ) |
| Debtor. | ) |

## VERIFICATION OF AMENDED CHAPTER 15 PETITION

I, Philippe Thiebaud, verify as follows:

1.      I am the court-appointed judicial liquidator (the "Liquidator") of Historic & Trophy Buildings Fund FCP-SIF, in judicial liquidation ("HTBF").

2.      In my capacity as Liquidator, I filed an amended voluntary Chapter 15 Petition for Recognition of a Foreign Proceeding, including the following attachments thereto (together, the "Amended Chapter 15 Petition"):

- *Corporate Ownership Statement as Required by Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1; and*

- *Amended Evidence of the Foreign Proceeding and Statements and Lists Required by Section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.*

3.      The factual statements set forth in the Amended Chapter 15 Petition are true and correct.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 15, 2022      By: _____

*Philippe Thiebaud, in his capacity as Judicial Liquidator*
*and Foreign Representative of Historic & Trophy Buildings*
*Fund FCP-SIF, in judicial liquidation*