**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

In re:                                                    NOT FOR PUBLICATION

Historic & Trophy Buildings Fund FCP-SIF,                 Chapter 15
in judicial liquidation,
                                                          Case No. 22-11461 (DSJ)
                          Debtor.

————————————————————————x

### DECISION AND ORDER RESOLVING MOTION FOR PROTECTIVE ORDER

**A P P E A R A N C E S :**

LEVY GOLDENBERG LLP
*Counsel for Sorgente Asset Management Inc., Michelangelo Real Estate Corporation,*
*Michelangelo Real Estate Fund LP, Flatiron Res Inc., Michelangelo Flatiron Building Investment*
*LLC, Michelangelo GIIK Flatiron LLC, Flatiron Newmark Partners LLC, Soho Greene Street*
*LLC, and Tribeca White Street LLC (collectively the "Sorgente Entities")*
75 Broad Street, Suite 2120
New York, NY 10004
By:     Andrew Goldenberg, Esq.
        Daniel Rothstein, Esq.

PACK LAW, P.A.
*Counsel for the Sorgente Entities*
51 Northeast 24th Street, Suite 108
Miami, FL 33137
By:     Joe Pack, Esq.
        Jessey Krehl, Esq.

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
*Counsel for Philippe Thiebaud, in his capacity as Judicial Liquidator and Foreign Representative*
By:     David J. Molton, Esq.
        Kenneth J. Aulet, Esq.

Before the Court is a motion (the "Motion") for a protective order filed by multiple non-

party recipients of discovery requests served by Debtor, or, more specifically, the court-appointed

liquidator (the "Liquidator") in underlying Luxembourg liquidation proceedings that led to the

1

Chapter 15 proceeding before this Court.  This Decision refers to the moving parties as "Movants" or the "Sorgente Entities."  For reasons stated below, the motion is **granted in part** in that it authorizes entry of a protective order, but **denied in part** in that it rejects Movants' request for a provision limiting access to produced information solely to counsel for the Liquidator.  The Decision also rejects a proposed bar on disclosures by the Liquidator to the appointing Luxembourg Court or to a public prosecutor in Luxembourg as the Liquidator represents would be required if the Liquidator obtains information that the Liquidator believes may reveal criminal misconduct.

## BACKGROUND

The Debtor in the Luxembourg proceedings has ceased or suspended operations, before which it was a Luxembourg-based fund that invested in real estate in multiple locations, including the United States.  This Court granted recognition under Chapter 15 and authorized the Liquidator as foreign representative of the Debtor to take certain discovery, pursuant to 11 U.S.C. § 1521(a)(4).  [ECF No. 19 (Dec. 14, 2022)].

The Liquidator soon moved for authority under Bankruptcy Rule 2004 to conduct discovery that the Liquidator reasoned would "enable the Liquidator to effectively evaluate and analyze [Debtor's] assets and transactions for the benefit of its investors and other creditors."  [ECF No. 20 at 2 (December 20, 2022)].  Specifically, the Liquidator sought to serve document requests and interrogatories on certain U.S.-registered companies (the Sorgente Entities) that the parties appear to agree are or were part of Debtor's corporate family.  [*See, e.g.*, ECF No. 24 at 2–3].  As a basis for his Rule 2004 motion, the Liquidator expressed an interest in uncovering information about a 2015 corporate restructuring agreement that the Liquidator believes involved one or more of the Sorgente entities and "resulted in distancing [Debtor] from its significant investments in real

2

property assets in the United States and depriving [Debtor] of certain control, governance, and management rights with respect to such interests." [*See* ECF No. 20 at 2; *but see* ECF No. 24 at 3 ("object[ing] to much of the [Liquidator's] factual characterizations . . . with respect to the Restructuring")].

The Sorgente Entities filed a limited objection to the Rule 2004 Motion and a hearing was scheduled in January 2023. [*See* ECF No. 24]. Ahead of that scheduled hearing, the Court ordered the parties to "meet and confer in good faith to attempt to narrow or eliminate the issues raised in the response and limited objection that has been filed." [ECF No. 26]. Thereafter, the hearing was adjourned on consent and the Court approved an on-consent order that the Liquidator and the Movants jointly proposed under the authority of Bankruptcy Rule 2004, authorizing the Liquidator to serve agreed-upon interrogatories and document requests on the Movants, and requiring the Movants to respond, subject to the parties' reaching agreement on the terms of a protective order to protect the Movants' commercially sensitive information that was within the scope of the discovery requests. [ECF No. 29 (Jan. 31, 2023)].

Notwithstanding the contemplation of the January 31 on-consent discovery order that the protective order was to be filed in February, unbeknownst to the Court, the parties were unable to agree on the terms of a protective order, and, after an informal conference failed to resolve the parties' dispute and the Court directed formal briefing, the Movants filed the Motion seeking entry of a protective order that includes an attorneys'-eyes-only access restriction on confidential materials they produce and that would bar, without further relief, the transmittal of disclosed confidential information to the Liquidator, the Luxembourg appointing Court, or Luxembourg prosecutorial officials. [ECF No. 38 (June 28, 2023)].

The Liquidator opposes this request, [ECF No. 39], arguing that Luxembourg law requires the Liquidator to inform the appointing Luxembourg Court of the Liquidator's work, and also requires the Liquidator to report any evidence he identifies suggesting possible criminal misconduct to a public prosecutor in Luxembourg. [*See id.* at 7 (citing Luxembourg Code of Criminal Procedure, Art. 23, ¶ 2) ("if [the Liquidator] acquires knowledge of facts likely to constitute a criminal offense he is required to give notice without delay to the Public Prosecutor and transmit all relevant information, notwithstanding any rules of confidentiality or professional secrecy")]. The Liquidator further contends that neither of these obligations should result in public disclosure of the Movants' business confidences, because information provided to Luxembourg courts and/or public prosecutors generally is not made public. [*Id.* at ¶¶ 19–21].

The Movants filed a reply, [ECF No. 41], and the Court heard argument on August 2, 2023, [*see* ECF No. 42 ("**Hearing Tr.**")]. At argument, the parties informed the court of a possible additional point of disagreement concerning procedures for use of designated "Confidential Information" and "Highly Confidential Information" in possible future civil court proceedings abroad. [*See* Hearing Tr. at 26:19–20; *see also id.* at 27:4–6 (Movants: "I'm happy to report that I think we have reached an agreement on use of confidential materials in foreign proceedings outside of Luxembourg")]. The Court reserved decision, provided certain immediate reactions in the hope those might facilitate a consensual resolution, directed the parties to meet and confer, and told the parties the Court would rule promptly but not before August 16 so as to allow time for further pre-ruling discussions. [*Id.* at 50:21–53:3].

## APPLICABLE LEGAL STANDARDS

In Chapter 15 proceedings in which the Court has granted recognition of a foreign proceeding, the Court "may, at the request of the foreign representative, grant any appropriate

relief, including . . . (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a). Here, the Court authorized the Liquidator's request for authority to conduct such discovery. [ECF No. 19]. Further and to implement this authorization, the Liquidator and the Movants jointly proposed entry of an order memorializing the scope of discovery to be taken, and deeming that discovery to be conducted under Bankruptcy Rule 2004, subject only to the finalization and approval of an appropriate protective or confidentiality order. [ECF No. 29].

The parties' motion papers did not specify what legal provision would provide the applicable basis of the requested protective order, and did not clearly define what the governing test is. Their submissions referred to provisions including the Federal Rules of Civil Procedure, case law arising in the litigation discovery context, Rule 2004 case law that did not emanate from Chapter 15 proceedings, and even a model protective order that United States District Judge Paul G. Gardephe of this District includes as part of his individual rules. *See* Judge Gardephe, *Model Protective Order* (2013), http://nysd.uscourts.gov/sites/default/files/practice_documents/pggModelProtectiveOrder.pdf [http://perma.cc/5YR5-7MZ7].

The Court concludes, and the parties agreed when asked at argument, that when discovery is undertaken in a Chapter 15 proceeding pursuant to section 1521 of the Code, section 1522 is the basis for assessing and, where appropriate, imposing a protective or confidentiality order to accompany discovery authorized under section 1521. Section 1522 provides that the Court "may grant relief under section . . . 1521 . . . only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a); *see In re Comair Ltd.*, Case No. 21-10298-JLG, 2021 WL 5312988 at *8 (Bankr. S.D.N.Y. Nov. 14, 2021). The party subject to discovery demands authorized under section 1521(a)(4) is among the parties whose

interests must be "sufficiently protected" to satisfy section 1122(a). *See Comair*, 2021 WL 5312988 at *12. In assessing the statutorily unelaborated requirement of "sufficient[] protect[ion]," the Court "must balance the Foreign Representative's need for the requested discovery with [the responding party's] interests and tailor the relief in a way that does not unduly favor" the Foreign Representative, *i.e.*, the Liquidator. *Id.* (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 637 (Bankr. E.D. Cal. 2006), and Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency ¶¶ 161-163). The parties agree that Movants bear the "burden to show why a protective order is appropriate here." [Hearing Tr. 49:14–16].

In the Court's view, the other sources of law the parties discussed—whether civil discovery case law regarding protective orders, or Rule 2004 cases not involving discovery pursuant to Chapter 15, or any other source—are appropriately viewed as suggestive of what protective measure may be appropriate under section 1522 in a given case, but are not correctly viewed as directly applicable without reference to section 1522.

This case does not require adjudication of whether the discovery sought is permissible under section 1521, or, as Movants' briefing sometimes suggested, Rule 2004. This is so because the parties entered a consensual "Rule 2004" discovery order specifying the interrogatories and document requests to which the Movants would respond, subject only to the need to finalize a protective order. [ECF No. 29]. As the Liquidator confirmed at argument and the Movants did not dispute, the information sought is at least in large part for the purpose of investigating and assessing whether the estate or the Liquidator might have causes of action that would benefit the estate. This inquiry undisputedly "concern[s] the debtor's assets, affairs, [or] rights," and thus falls within the scope of section 1521(a)(4).

6

Although resolution of this matter does not require the Court to make specific findings of foreign law and the Court does not endeavor to do so, to the extent necessary for this decision, the Court accepts the Liquidator's unrebutted representation of Luxembourg law. Movants argue that proof of foreign law requires expert testimony. [ECF No. 41 at 6]. To the contrary, under Federal Rule of Civil Procedure 44.1, made applicable by Bankruptcy Rule 9017, "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

Finally, Movants contend that the Liquidator's argument should be properly viewed as a conflict of laws issue, and that the Liquidator bears the burden to prove that Luxembourg law applies to prohibit him from complying with what Movants characterize as controlling U.S. law. [*See* ECF No. 41 at 5–8; Hearing Tr. at 16:9–17:20]. The Court, however, does not see this as an instance of overriding U.S. law with Luxembourg law. Instead, as explained below, the Court can resolve the dispute by applying solely U.S. law, specifically, the standards applicable to discovery under Chapter 15 and Rule 2004.

## DISCUSSION

The Court concludes, and the Liquidator agrees, that the Movants are entitled to a protective order that guards against public dissemination of materials and information that the Movants deem Confidential or Highly Confidential, so long as that protection also provides for possible challenge of potentially unwarranted confidentiality designations. But the Court rejects the Movants' demands for an attorneys'-eyes-only restriction on access to produced material, and for a bar on the Liquidator's compliance with what he states are his legal obligation to provide information about his investigation to the Luxembourg Court that appointed and supervises him. The Court also rejects the Movants' demand for a bar on the Liquidator's ability to disclose any

information that the Liquidator identifies as possible evidence of a crime to a public prosecutor in Luxembourg, which the Liquidator contends Luxembourg law requires.

First and foremost, balancing the needs and interests of each party, *see In re Comair*, 2021 WL 5312988 at *8, the Court concludes that the Movants have failed to show that they face any significant risk of dissemination of their business confidences resulting from either the Liquidator's reporting obligations to his appointing Court, or the Liquidator's reported legal duty to report evidence of suspected crime to a prosecutorial authority. The Liquidator has represented that neither of these communications is done in a way that makes the reported materials or information publicly accessible, and that Luxembourg's law and procedures do not make such materials publicly available. The Liquidator represents that "Luxembourg Law does not provide for a right of access to documents filed in court proceedings for the benefit of third parties [and] there is no legal provision which would allow a third party to apply . . . for access to, or disclosure of, documents relating to court proceedings to which it is not a party." [ECF No. 39 at 9]. The Liquidator explains further that, even "[i]f access is granted, under Luxembourg law, to documents held by public authorities, such right of access does not apply to documents relating to the conduct of proceedings before judicial bodies or to operations preliminary to such proceedings." [*Id.*]. Consistent with these representations, at the Hearing, the Liquidator pledged, "we can use these documents in Luxembourg consistent with the protection of confidential information." [Hearing Tr. 35:18–20]. Even in their reply after this contention was explicitly advanced by the Liquidator's opposition briefing, the Movants did not identify any facts or law calling this representation into question.

When asked during the Hearing what risk the Liquidator's reservation of rights to comply with Luxembourg law actually imposes on them, the Movants' sole relevant answer was that, if

Luxembourg authorities come to possess Movants' confidential information, those authorities would not themselves be subject to the U.S. protective order's bar on disclosure. [Hearing Tr. at 26:15–27:6 (also raising concern over "use of that material in other foreign proceedings potentially" but reporting that the parties "have reached an agreement on use of confidential materials in foreign proceedings outside of Luxembourg"]. Movants argue that nothing in the federal rules allows public access to discovery materials and that because they are both nonparties and nondebtors, the discovery materials they produce are "presumptively not subject to further dissemination [and thus] the Liquidator must show a legal basis for his request for free rein with the discovery materials." [ECF No. 38 at 8–9]. These arguments misstate the rights Liquidator is trying to preserve. Although true that Luxembourg authorities may not be subject to a protective order of this Court, that fact does not identify an actual risk of disclosure given the Liquidator's unrebutted representation that the reporting obligations the Liquidator identifies do not entail public disclosure of the information.

Meanwhile, the Liquidator has clear and substantial need for the information the Liquidator seeks, and the Liquidator has persuasively shown that the restrictions the Movants seek would hinder the Liquidator's work. The Liquidator represents and the Movants do not dispute that the Liquidator seeks the information in question to assess possible estate entitlement to commence civil actions that could generate recoveries for the benefit of the Debtor's estate, and, thus, for the benefit of its creditors. This constitutes a paradigmatic use of Rule 2004. *See e.g. In re Metiom, Inc.*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) (quoting *In re Dinubilo*, 177 B.R 932, 940 (E.D. Cal. 1993)) ("The purpose of a Rule 2004 examination is to [] 'learn quickly about the debtor entity' [to] 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'"); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)

9

(citing *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr.S.D.N.Y.1991))
("The purpose of such a broad discovery tool is to assist . . . in revealing the nature and extent of
the estate, and to discover assets of the debtor which may have been intentionally or unintentionally
concealed.").

The Liquidator has explained that he is the individual who is best, and maybe uniquely,
positioned to evaluate the information obtained through the discovery at issue here.  Thus, an
attorneys'-eyes-only restriction that precludes Liquidator access to produced confidential
information would excessively and unjustifiably interfere with the Liquidator's performance of his
duties.

Further, the proposed restriction is inconsistent with the purposes of Chapter 15, which are
to provide assistance to insolvency proceedings in other nations' courts, including by facilitating
"cooperation" between U.S. courts and "courts and *other competent authorities* of foreign
countries."  11 U.S.C. § 1501(a) (emphasis added); *see also id.* at § 1521(d) (in granting relief
under § 1521, "the court may not enjoin a police or regulatory act of a government unit, including
a criminal action or proceeding").  Here, the Luxembourg courts are administering the liquidation
of Debtor, and they are entitled to supervise and conduct that process in keeping with Luxembourg
law—including Luxembourg's reporting and judicial supervision requirements.  To attempt to
frustrate or override that process would be to fail to accord comity to the Luxembourg proceeding.
*See In re Comair*, 2021 WL 5312988 at * 9 (Bankr. S.D.N.Y. Nov. 14, 2021) (quoting *In re
Agrokor D.D.*, 591 B.R. 163, 186 (Bankr. S.D.N.Y. 2018)) ("The court should be guided by
principles of comity and cooperation with foreign courts in deciding whether to grant the foreign
representative additional post-recognition relief."); *In re Bear Stearns High-Grade Structured
Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008)) ("Post-recognition relief

10

under section 1521 'is largely discretionary and turns on subjective factors that embody the principles of comity.'"); *In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) ("Chapter 15 . . . provides courts with broad, flexible rules to fashion relief that is appropriate to effectuate the objectives of the chapter in accordance with comity."); *see generally In re Commodore Int'l, Ltd.*, 242 B.R. 243, 256 (Bankr. S.D.N.Y. 1999) ("Comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.").

This conclusion is consistent with Judge Gardephe's Model Protective Order, on which the Movants prominently rely. While movants contend that the Liquidator's duties under Luxembourg law "violate a normal condition of an American protective order," [ECF No. 38 at 10], the very order they cite generally bars disclosure of produced confidential information but imposes significant exceptions, one of which applies here: it does not prevent disclosure of information when such disclosure is required by subpoena or other directive of appropriate governmental authorities. *See Model Protective Order* at ¶ 15. Specifically, that Model Order provides:

> Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

*Id*. That requirement is analogous to and possibly directly permits the type of disclosure that the Liquidator seeks to preserve the ability to make to the appointing Luxembourg court and, if necessary, to Luxembourg prosecutorial officials.

While Judge Gardephe's model protective order contemplates ten-day advance notice to producing parties, the Liquidator argues that Luxembourg law requires he transmit relevant documents to his superiors "without delay" and thus precludes advance notice. At the hearing, the Liquidator also explained that contemporaneous notice is likewise unworkable within applicable law. [Hearing Tr. at 33:8–12, 44:1–21]. For reasons already stated, the Court will not require a notice provision that conflicts with Luxembourg law. However, in the event the Liquidator turns over confidential materials produced by the Sorgente Entities, the Liquidator is to notice the relevant producing parties as promptly and to the greatest extent consistent with Luxembourg or any other applicable law.

In sum, Movants have not established a meaningful risk of harm flowing from the rights the Liquidator seeks to preserve. Accordingly, the Court finds no reason to approve Movants' request for a provision limiting access of the Liquidator or (if required) Luxembourg authorities to produced information, an action the Court sees as inconsistent with principles of comity. The Court will approve a protective order that bars disclosure of designated confidential records that the Sorgente Entities produce pursuant to the earlier Rule 2004 order or subpoenas issued under that order's authority. But that protective order is not to include an attorneys'-eyes-only access restriction, and it is not to restrict the Liquidator from complying with Luxembourg laws requiring reporting to the Liquidator's supervising court or to prosecutorial officials, subject to a requirement that the Liquidator report any such disclosures of designated confidential records or information obtained from such records as promptly and to the greatest extent consistent with Luxembourg or any other applicable law.

**CONCLUSION**

12

The motion is **granted in part** in that it authorizes entry of a protective order, but **denied in part** as described above.  The parties are to jointly submit a proposed order consistent with this opinion by the close of business on August 29, and, if they are unable to reach agreement, they may submit competing proposed orders for the Court's consideration.

**It is so ordered.**

Dated: New York, New York
       August 25, 2023

                                          *s/ David S. Jones*
                               Honorable David S. Jones
                               United States Bankruptcy Judge